**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

STEVEN WAYNE BELL,

*Defendant-Appellant.*

No. 01-4868

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-01-13-BR)

Submitted: May 16, 2002

Decided: May 31, 2002

Before WIDENER, WILKINS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas B. Murphy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a guilty plea to bank robbery and aiding and abetting, 18 U.S.C.A. §§ 2, 2113(a) (West 2000), Steven Wayne Bell was sentenced to 151 months imprisonment and five years supervised release. Bell's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's determination that Bell was competent to enter a knowing and voluntary guilty plea, but stating that there are no meritorious issues for appeal. Bell filed numerous pro se supplemental briefs asserting, in conclusory terms, that he is actually innocent of this crime as well as others in his criminal history.

The district court fully complied with Fed. R. Crim. P. 11 in accepting Bell's guilty plea, and nothing in the record calls into question the voluntariness of the plea. However, Bell claims on appeal that he lacked the mental competency necessary for a voluntary guilty plea. In order to show incompetence to plead guilty, a defendant must show that "his mental faculties were so impaired . . . when he pleaded that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." *Shaw v. Martin*, 733 F.2d 304, 314 (4th Cir. 1984) (quoting *United States v. Truglio*, 493 F.2d 574 (4th Cir. 1974)). A clinical psychologist appointed by the district court and a forensic psychiatrist retained by defense counsel each examined Bell and found him to be borderline functioning, but not incompetent. The district court reviewed this report and approved its findings. On appeal, Bell has not provided any reason to question the district court's finding of competency, and merely rests upon his claims of actual innocence. Furthermore, the transcripts of his arraignment and plea hearing do not disclose any evidence of an impairment. Based upon these facts, a finding that Bell was impaired to the degree necessary to render his plea involuntary would be highly speculative and would contradict the only available medical evidence on the matter.

Our review of the record and appellate briefs in accordance with *Anders* reveals no other potentially meritorious issues. Accordingly,

we affirm Bell's conviction and sentence. We further require that counsel inform Bell, in writing, of his right to petition the Supreme Court of the United States for further review. If Bell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bell.

We deny Bell's pro se motion for a state transcript. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*